UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE H. REESE,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )     21-CV-4071 |
| | )<br>) |
| RICHARD LANDI, et al.,<br>　　Defendants. | )<br>) |

**ORDER**

**JOE BILLY MCDADE, SENIOR U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se. He alleges an excessive force claim pursuant to 42 U.S.C. § 1983 and the Fourth Amendment. Plaintiff's claim arose when Plaintiff was arrested by Defendant unnamed Rock Island Police Officer, who is alleged to have broken Plaintiff's left arm during the arrest. Defendant now moves for summary judgment.

Defendant's summary judgment motion is granted. No reasonable juror could find on this record that Defendant violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

A. <u>Plaintiff's Failure to Respond to Defendant's Motion</u>

Defendant filed his Motion for Summary Judgment (#27) on August 9, 2022. Plaintiff has not filed a response.

Pursuant to Local Rule 7.1(D)(2), Plaintiff's failure to respond is deemed an admission of Defendant's motion. However, admission of Defendant's motion does not automatically result in judgment for Defendant. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). Defendant must still demonstrate entitlement to judgment as a matter of law. *Id.* Although Plaintiff has not provided his own version of the facts and has not disputed Defendant's facts, the Court must still view all the undisputed facts in the light most favorable to the nonmoving party, and the Court must draw all reasonable inferences in the nonmoving party's favor. *Adams v. Wal–Mart Stores, Inc.*, 324 F.3d 935, 937 (7th Cir. 2003); *Curran v. Kwon*, 153 F.3d 481, 485–86 (7th Cir. 1998).

B. <u>Facts</u>

These facts are set forth for purposes of this Order only. Defendant's proposed facts are accepted where supported by cites to evidence. Plaintiff has not disputed any of Defendant's facts.

On March 6, 2021, at about 2:05 a.m., Rock Island Police Officers Costas and Mumma saw a blue Chevrolet fail to make a complete stop before turning right on the red light at the intersection of 11th Street and

7th Avenue. The officers conducted a traffic stop. Plaintiff was one of several passengers in the Chevrolet.

Plaintiff gave officers a false name when they asked him to identify himself. The officers told him to exit the car so he could be detained while his identify was confirmed. Plaintiff denied having identification with him.

Plaintiff knew that he had an outstanding warrant before the March 6, 2021, traffic stop. Plaintiff knew that officers Costas and Mumma were police officers.

Plaintiff ran away when the officers instructed him to turn around and place his hands behind his back. Costas and Mumma pursued Plaintiff on foot. The chase ended when Plaintiff, running at a full sprint, slipped and fell onto his outstretched hands. Officer Mumma then placed Plaintiff into double locked handcuffs, checked for proper fit, with the assistance of officer Costas. There was visible room between Plaintiff's wrists and the handcuffs in their locked position.

Officer Mumma has received training in the proper use of handcuffs and has safely used handcuffs to restrain people hundreds of times over the course of his career as a police officer. Officer Mumma did not use unusual force in employing handcuffs to restrain Plaintiff after his flight

ended, nor did he hear, feel, see, or otherwise sense that anything was amiss while placing Plaintiff into handcuffs.

After his arrest, officers found Plaintiff's driver's license and identified him. At that point they learned that there was an outstanding warrant for his arrest. Officers transported Plaintiff to the Rock Island County Jail.

From the time of his arrest until his arrival at the Jail, Plaintiff did not complain of pain in his wrist or arm. While standing in the Jail's sally port, Plaintiff complained that the handcuffs were hurting his wrists. Mumma again checked the handcuffs for proper fit and saw that the fit was proper. During the booking process, Plaintiff again complained that his wrist hurt. Mumma observed Plaintiff's wrist to be swollen.

Another officer then transported Plaintiff to the hospital for treatment. At the hospital he was diagnosed with a fracture. The fracture was set, and Plaintiff was scheduled for surgery. Plaintiff's surgeon Dr. Edward A. Connelly further diagnosed the injury as "acute comminuted displaced left distal radius fracture," (#27) at 43, one of the five most common orthopedic injuries in the surgeon's experience. Dr. Connelly

testified that the most common causal mechanism for that injury is "a fall on an outstretched arm." *Id.*

During his deposition, Dr. Connelly reviewed the portion of the video recording from the officers' body worn cameras showing Plaintiff's fall. Dr. Connelly testified, "what I saw was a person running and falling on outstretched arms. They were running full speed, falling on outstretched arms, and I watched as the video went on. What I could see of the handcuffing procedure, I would tell you it is much more likely that he broke his wrist when he fell than when the handcuffs were put on." (#27) at 44. Dr. Connelly testified that the reason for his opinion was, "the amount of force that it would take to cause the fracture that the patient presented with would most likely come from a fall versus putting on handcuffs. [It] takes such a tremendous amount of force to break the distal radius that what I saw of that video, there was nothing about the handcuffing that applied that amount of force." *Id.*

C. <u>Analysis</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010).

The Fourth Amendment protects an individual's right to be free from unreasonable seizures of the individual's person. U.S. Const. amend. IV. When an officer uses greater force than reasonably necessary to make an arrest, the officer violates the arrestee's Fourth Amendment right. *Day v. Wooten*, 947 F.3d 453, 460 (7th Cir. 2020); *Graham v. Connor*, 490 U.S. 386, 396 (1989). The reasonableness of the use of force is judged from the perspective of a reasonable officer on the scene, based on the totality of the circumstances at the time of arrest. *Id.*

Here, the undisputed facts show Plaintiff broke his wrist when he ran away from police, slipped, and fell on his outstretched hands. Officers then arrested him. They did not use an unusual amount of force in applying

handcuffs, and the cuffs were not excessively tight. Plaintiff did not complain of wrist pain until he was in the sally port of the Rock Island County Jail. Officers again ensured the fit of his handcuffs was proper. Plaintiff again complained of pain in his wrist during booking, and at that point he was promptly provided with medical attention. Dr. Connelly viewed the video of Plaintiff's arrest and testified that the break was more likely caused by Plaintiff's fall on his outstretched hands than Defendant's application of handcuffs. Plaintiff has not disputed Defendant's facts.

The Court finds no reasonable jury could conclude from these facts that Defendant used excessive force in their arrest of Plaintiff. *See, e.g., Lee v. Charlebois*, 2009 WL 2843366, at *3 (W.D. Wis. Aug. 31, 2009) (use of force not excessive where fleeing suspect broke ankle while attempting to evade police).

Further, Defendants have raised the affirmative defense of qualified immunity.
When a public official raises the defense of qualified immunity, they are entitled to immunity unless the plaintiff can show that (1) the evidence supports a finding that the defendant violated the plaintiff's constitutional

right, and (2) the asserted right was clearly established at the time of the violation. *Stainback v. Dixon*, 569 F.3d 767, 770 (7th Cir. 2009).

The evidence, viewed most favorably to Plaintiff, does not support the finding that Defendant violated Plaintiff's constitutional right. Further, Plaintiff has made no showing that his right to be free from the force used by Defendant in this case was clearly established at the time of the incident. The Court thus finds Defendant is also entitled to qualified immunity. *Day*, 947 F.3d at 460.

**IT IS THEREFORE ORDERED:**

(1) Defendant's Motion for Summary Judgment [27] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. This case is terminated. Plaintiff remains responsible for the $350.00 filing fee.

(2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith

appeal is an appeal that "a reasonable person could suppose … has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: March 7, 2023.

                                 _s/ Joe Billy McDade_
                                 JOE BILLY MCDADE
                 SENIOR UNITED STATES DISTRICT JUDGE